MANUEL COLÓN-LUNA, Plaintiff and Appellee, v. MIGUEL
    BATIS-OLIVERA and his wife, ANA MARÍA RODRÍGUEZ RAMOS,
    Defendants and Appellants.

No. 3609. Argued June 11, 1925.—Decided July 31, 1925.

VENDOR AND VENDEE—CONTRACT—SALE AT FIXED PRICE.—When a property is
    sold for a fixed price and the contract gives its measurements and boundaries
    the vendor is bound to deliver to the vendee all that is included within the
    said boundaries.

District Court of Ponce, R. Díaz Cintrón, J. Judgment for the
    plaintiff in revendication. *Affirmed.*
*Francisco Parra Capó* for the appellants. *López de Tord & Zayas
    Pizarro* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Miguel Batis Olivera recovered judgment in a dominion
title proceeding and recorded in the registry a property of

75 acres of land which he said he had bought in two parcels, one of 50 acres from Manuel Ferrando and another of 25 acres from Sandalio Rivera. He sold the property to Manuel Colón Luna for $3,750, stating in the deed of conveyance that it contained 75 acres bought by him as has been said and describing its boundaries. When purchaser Colón took possession he found that the property delivered to him contained only 65 acres and that a piece of land on the west side of the farm up to the boundary mentioned in the deed which was not delivered to him completed the 75 acres contracted for, wherefore he filed complaint against his vendor to recover the ten acres of land that had not been delivered to him. Judgment was rendered against the defendant and he appealed, alleging that the lower court erred in giving a strict construction to section 1374 of the Civil Code and in failing to consider the preponderance of the evidence in favor of the defendant.

Section 1374 of the Civil Code reads as follows:

"In the sale of real estate made for a fixed price and not at the rate of a specified sum for a unit of measure or number, the increase or decrease of the same shall not be considered, even when greater or less area or amount than that stated in the contract may be found.

"The same shall take place when two or more estates should be sold for a single price; but, if besides mentioning the boundaries, which are indispensable in every conveyance of real estate, their area and number should be designated in the contract, the vendor shall be obliged to deliver all that is included within said boundaries, even when they exceed the area or number specified in the contract; and, should he not be able to do it, he shall suffer a reduction in the price, in proportion to what is lacking in the area or number, unless the contract be annulled by reason of the vendee not accepting the failure to deliver what had been stipulated."

According to that statute, as the property was sold for a fixed price and not at the rate of a specified sum for a unit of measure or number and the deed of conveyance specified its boundaries and stated that it contained 75 acres of land, the defendant is bound to deliver to the plaintiff

all that is included within its boundaries; therefore he should deliver the ten acres of land sued for to complete the 75 acres contracted for in the title deed executed in favor of his vendee because they are included within the boundaries of the property sold to the plaintiff.

In opposition to the application of the said statute to the case the defendant-appellant alleges that although the property contained 75 acres about thirty years ago when it belonged to Paula Colón, she sold ten acres of it to another person and the remainder came into the possession of Sandalio Rivera with the same description as containing 75 acres and that in 1914 he purchased 25 acres from Sandalio Rivera who in the same year sold 50 acres to Manuel Ferrando from whom they were purchased by the defendant and that inasmuch as the property was not surveyed, the dominion title proceeding was prosecuted for those two purchases with the old description of the 75 acres, he having purchased later, but before the sale to the plaintiff, the ten acres sued for; that under the deed he conveyed to the plaintiff only what he purchased from Ferrando and from Rivera, but not the 75 acres claimed, and that although they appear to have been conveyed, the plaintiff knew that the ten acres bought afterwards by the defendant were not a part of the conveyance, a fact which was denied by the vendee.

In view of its judgment we understand that the conflict in the evidence relative to the latter issue was properly decided by the court in favor of the plaintiff, because as in the deed it was stipulated that the vendor reserved to himself certain things, he should have therein stated that the ten acres of land included within the boundaries of the farm were not a part of the conveyance.

We have examined the evidence and arrive at the conclusion that its preponderance is in favor of the plaintiff, for according to the boundaries of the property conveyed, the ten acres sued for are included within said boundaries,

and because to exclude them the conveyance to the appellant should have specified that the land was bounded by property of the vendor and not by that of the persons mentioned in the deed. If it is true that what was purchased by the defendant from Ferrando and from Rivera as 75 acres contained only 65 acres because ten acres had been segregated therefrom, the consequence of that error should not be suffered by the plaintiff to whom the defendant sold 75 acres within described boundaries and for a fixed price.

The judgment appealed from should be affirmed.

Mr. Justice Wolf was not present at the hearing on this case.